## ACTION FOR FAILURE TO PERFORM A CONTRACT.

Circuit Court of Cuyahoga County.

ELITA E. PECK V. ELIZABETH D. OSBORN.

Decided, June 2, 1911.

*Former Adjudication—Dismissal of Petition for Specific Performance
No Bar to Action for Damages.*

A judgment of dismissal of a petition for the specific performance of a
contract for the sale of lands is no bar to an action for damages for
failure to perform said contract.

*Parsons & Fitzgerald,* for plaintiff in error.
*Ong, Thayer & Mansfield,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Elita E. Peck was plaintiff below, and sued Elizabeth D. Os-
born for damages for failure to perform a contract for the sale
of certain real estate. The defendant set up that the same
plaintiff had sued the same defendant in the same court, pray-
ing for specific performance of this same contract and that the
court had held against her, refusing to decree specific perform-
ance, and dismissing her petition. On demurrer in the present
case, the court sustained said defense and dismissed the petition,
entering judgment for the defendant.

The only question before us is as to whether or not the plaintiff
here is barred by the adjudication in the former case.

Our attention is called to many cases, by counsel on both sides
of this case, the contention of the defendant in error being that
the rights of both parties, in all matters growing out of this
contract, were either determined or might have been determined,
in the former action. In support of this, among other author-
ities cited, is the case of *Strangward* v. *The American Brass Bed-
stead Co.,* 82 O. S., 121, the second paragraph of the syllabus of
which reads:

"When a matter has been finally determined in an action be-
tween the same parties by a competent tribunal, the judgment is

conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case.''

Also *Grant* v. *Ramsey*, 7 O. S., 157, in which it is held that where a question of fact has once been tried and adjudicated by a court of competent jurisdiction, it can not be reopened in a subsequent suit between the same parties. They are concluded by the former judgment.

It can not be claimed, at least it ought not to be claimed here, that all the questions which may arise in this case bearing on the plaintiff's right to damages, were necessarily disposed of in the former case, because in that case the court may have adjudicated as it did, because it found, in the exercise of its discretion, that it would be inequitable to decree specific performance, and so that relief was refused, and the plaintiff left to her remedy at law, as in many of the cases it is said.

It can not well be claimed either, that as the pleadings stood in that case, the right of the plaintiff to damages could have been tried. The pleadings called for the exercise of the equitable jurisdiction of the court only. Because of this, the case was appealable, and was appealed to this court, and it was in this court that the final judgment was made of dismissal of the plaintiff's petition. Could this court have directed or allowed pleadings to be amended so as to make a case for damages, and then proceed on this appeal to try the question of damages?

We regard the case of *Porter* v. *Wagner*, 36 O. S., 471, as decisive of this case. The first paragraph of the syllabus in that case reads:

''A judgment of dismissal of a petition for the specific performance of an agreement, and of a counter-claim asking a rescission of the same, is no bar to an action for the recovery of money paid on the agreement, although the cause of action accrued before the rendition of the judgment.''

We reach the conclusion, therefore, that the judgment of the common pleas court must be reversed, and the cause remanded.